**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AXEL LEONEL ESPINO-OLIVA, | No. 08-74367 |
| Petitioner, | Agency No. A078-972-424 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Axel Leonel Espino-Oliva, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. This court reviews de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). This court reviews factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject petitioner's claim that he is eligible for asylum or withholding of removal based upon an imputed political opinion or his membership in a particular social group. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 744-47 (9th Cir. 2008); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ( "The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). To the extent petitioner contends he is a member of a particular social group distinct from that considered and rejected by the BIA, we lack jurisdiction to consider the contention because he did not exhaust it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Petitioner's claim for humanitarian asylum necessarily fails because he did not establish past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Accordingly, because petitioner failed to demonstrate that he was or will be persecuted on account of a protected

ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856.

Substantial evidence supports the BIA's denial of CAT relief because petitioner failed to show it is more likely than not that he would be tortured if returned to Guatemala. *See Santos-Lemus*, 542 F.3d at 747-48.

Petitioner requests that his case be remanded in order to seek voluntary departure, because his counsel erred in initially advising him not to request this relief. We reject this request because petitioner already presented this claim to the agency.

**PETITION FOR REVIEW DENIED.**

08-74367